UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SUNNIE CHAPPELL, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. |
| INGENIOUS MED, INC., | ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

COMES NOW the Plaintiff Sunnie Chappell ("Chappell" or "Plaintiff"), by and through undersigned counsel, and files this Complaint showing the following:

1.

Plaintiff brings this lawsuit against Defendant Ingenious Med, Inc. ("Ingenious Med" or "Defendant") on her own behalf, and on behalf of all those similarly situated who work or worked for Defendant Ingenious Med as a Tier 1 Product Support Specialist, or any other position performing substantially similar job duties under a different job title (herein after referred to as a "Tier 1 Product Support Specialist"), within the period beginning three years prior to the filing date of this Complaint through the date of judgment (the "relevant period") who worked

any hours over 40 in one or more workweeks without receiving all overtime compensation owed to them required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (collectively the "Similarly Situated Employees"), for entry of judgment and to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the FLSA. Plaintiff hereby files with the Court her "Opt-in Consent" to join this collective action under 29 U.S.C. § 216(b) by attaching it hereto as Exhibit A.

**Parties**

2.

Defendant is a technology company that provides, among other services and/or products, technical support for software/platforms used by medical providers throughout the country.

3.

As reflected in the corporate filings contained on the Georgia Secretary of State's website, Defendant Ingenious Med is a Georgia for-profit corporation with its principal place of business located within this judicial district and may be served with process through its registered agent, Joseph R. Ross at 24 Drayton Street, Suite 712, Savannah, Georgia, 31401.

4.

Plaintiff worked (and continues to work) for Defendant within this judicial district at 400 Galleria Parkway SE, Suite 1600, Atlanta, Georgia, 30339, as a Tier 1 Product Support Specialist (also known as a Level 1 Technical Support Specialist), from approximately May 2015 and continuing through the present ("Chappell's relevant period").

5.

Plaintiff brings this action both individually, and as a collective action under 29 U.S.C. § 216(b) on behalf of Defendant's current and former employees who work or worked as a Tier 1 Product Support Specialist during the relevant period, i.e. the "Similarly Situated Employees."

**Jurisdiction and Venue**

6.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

7.

Plaintiff was (and remains) employed by Defendant in this judicial district, Defendant does business in this judicial district, and venue is therefore proper in this Court.

8.

Plaintiff was (and remains) an "employee" during her respective relevant period of employment with Defendant as defined by the FLSA and was (and is) entitled to the protections of the FLSA as an "employee" pursuant to 29 U.S.C. §§ 203(e) & 207(a).

9.

Defendant was at all times during the relevant period an employer or enterprise engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b) & (d).

10.

Defendant was, at all times during the relevant period in this Complaint, an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA, having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the relevant period) annual gross revenues in excess of $500,000.

11.

Plaintiff was individually engaged in commerce and/or engaged in the production of goods for commerce on a regular and recurring basis during her

employment with Defendant during her relevant period, and Plaintiff, in fact upon information and belief, engaged in interstate work for Defendant by, for example without limitation, servicing out-of-state clients during some or all of her relevant period.

<center>12.</center>

Plaintiff was (and is) covered by the maximum hours provisions of the FLSA during her relevant period of employment with Defendant as an employee "engaged in commerce or in the production of goods for commerce" as defined by Section 7 of the FLSA.

<center>13.</center>

Jurisdiction and venue are proper in this Court as to all claims alleged in this Complaint.

<center>**Facts Related To All Counts**</center>

<center>14.</center>

Defendant employs and employed Tier 1 Product Support Specialists throughout the relevant period at its principal place of business in Atlanta, Georgia.

<center>15.</center>

Throughout the relevant period, and upon information and belief continuing through the present, Defendant's Tier 1 Product Support Specialists were and are at the lowest reporting level in their department.

16.

At various times during the relevant period, upon information and belief, the following positions were at a reporting level higher than Plaintiff's and the Similarly Situated Employees' position, beginning with the least senior position to the most senior position: Tier 2 Product Support Specialist; Strategic Account Analyst; Strategic Account Analyst Manager; Product Support Operations Analyst; and Director of Support.

17.

Plaintiff and the Similarly Situated Employees each performed the general job duties of Tier 1 Product Support Specialist at Ingenious Med in one or more workweeks during the relevant period.

18.

The job duties of a Tier 1 Product Support Specialist performed by Plaintiff and the Similarly Situated Employees during the relevant period are (and were) similar.

19.

Based on their job duties performed as a Tier 1 Product Support Specialist during the relevant period, Plaintiff and the Similarly Situated Employees were non-exempt employees under the FLSA.

20.

Prior to December 2016, Defendant internally classified all of its Tier 1 Product Support Specialists as exempt from the overtime pay requirements of the FLSA.

21.

Prior to December 2016, Defendant treated its Tier 1 Product Support Specialists as exempt from the overtime pay requirements of the FLSA and did not pay them overtime compensation for all hours worked over 40 in one or more workweeks.

22.

In or about November 2016, Defendant informed Plaintiff and the Similarly Situated Employees that in order to comply with the new overtime regulations that were to go into effect on December 1, 2016, it would be reclassifying their position of Tier 1 Product Support Specialist to non-exempt and thus as of December 1, 2016

and going forward Tier 1 Product Support Specialists would receive overtime compensation for hours worked over 40 in a workweek.

23.

Plaintiff and the Similarly Situated Employees were also told that even though the new overtime regulations may not go into effect, the position of Tier 1 Product Support Specialist would nonetheless remain a non-exempt position.

24.

Upon information and belief, the reclassification decision announced in or about November 2016 as referenced in the preceding paragraphs applied equally to all Tier 1 Product Support Specialist positions company-wide.

25.

Despite this reclassification decision, Defendant did not pay and has not paid Plaintiff and the Similarly Situated Employees any overtime compensation or liquidated damages for any of their overtime hours worked from the beginning of the relevant period through the date in approximately December 2016 when it reclassified Plaintiff's and the Similarly Situated Employees' positions (the "relevant misclassification period").

26.

Also despite this decision to reclassify Plaintiff and the Similarly Situated

Employees' positions, Defendant did not pay and has not paid Plaintiff and the Similarly Situated Employees all overtime compensation or liquidated damages owed for all of their on-call hours worked over 40 in a workweek where they were "engaged to wait" for on-call assignments during the beginning of the relevant period through the present.

27.

Defendant was aware prior to and during the relevant period that the FLSA applied to Plaintiff and the Similarly Situated Employees during their work as Tier 1 Product Support Specialists.

28.

Upon information and belief, at one or more times during the relevant period, Defendant knew, should have known, and/or by reasonable inquiry could have known that positions performing the job duties of, and/or substantially similar to, a Tier 1 Product Support Specialist were non-exempt under the FLSA and therefore entitled to overtime pay for all hours worked over 40 in a workweek.

29.

During the relevant misclassification period, Defendant suffered or permitted Plaintiff and the Similarly Situated Employees to work over 40 hours in one or more workweeks, but did not pay Plaintiffs and the Similarly Situated Employees at time

and a half their applicable regular rates as defined by the FLSA for any and all hours worked over 40 in a workweek as required by the FLSA.

30.

During the entire relevant period, Defendant suffered or permitted Plaintiff and the Similarly Situated Employees to work over 40 hours in one or more workweeks, but did not pay Plaintiff and the Similarly Situated Employees at time and a half their applicable regular rates inclusive of all bonuses and all other compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate"), as defined by the FLSA for all hours worked over 40 in a work week as required by the FLSA.

31.

As illustrative but non-exhaustive examples, frequently and on numerous occasions within the relevant period, Plaintiff worked over 40 hours in a workweek but Defendant did not pay Plaintiff for all of her hours worked over 40 in a workweek at time and a half her applicable regular rate as defined under the FLSA, i.e., her weekly pay divided by 40 hours inclusive of all bonuses and all other compensation

not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate"), as defined by the FLSA for all hours worked over 40 in a work week as required by the FLSA.

32.

As illustrative but non-exhaustive examples, frequently and on numerous occasions within the relevant periods, the Similarly Situated Employees worked over 40 hours in a workweek but Defendant did not pay the Similarly Situated Employees for all of their hours worked over 40 in a workweek at time and a half their applicable regular rates as defined under the FLSA, i.e., their weekly pay divided by 40 hours inclusive of all bonuses and all other compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate"), as defined by the FLSA for all hours worked over 40 in a work week as required by the FLSA.

33.

The specific overtime hours at issue in Plaintiff's Complaint are all hours worked by Plaintiff and the Similarly Situated Employees over 40 in a workweek as a Tier 1 Product Support Specialist during the relevant misclassification period, as well as all on-call hours worked over 40 in a workweek while Plaintiff and the Similarly Situated Individuals were "engaged to wait" for on-call assignments during the entire relevant period as set forth in Paragraph 1 of this Complaint.

34.

Plaintiff received paychecks from Defendant throughout the relevant misclassification period that did not contain any payment of overtime compensation for overtime hours worked despite working over 40 hours in the workweek for which payment was being made by Defendant.

35.

Plaintiff received paychecks from Defendant throughout the relevant period that did not contain payment of overtime compensation for all on-call overtime hours worked despite working over 40 hours in the workweek for which payment was being made by Defendant.

36.

Upon information and belief and to the best of Plaintiff's present recollection, without having access to all of her payroll documents exclusively maintained within Defendant's possession, Plaintiff received at least one paycheck from Defendant during the period beginning two years prior to the filing date of her Complaint that was for a workweek during which Plaintiff worked more than 40 hours in a workweek.

37.

Upon information and belief, Defendant has failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff and the Similarly Situated Employees for the time period required by law.

## Count 1: FLSA – Individual Action

38.

Plaintiff incorporates herein the allegations contained in the preceding paragraphs.

39.

Defendant internally classified Plaintiff as exempt from the FLSA's overtime laws during the relevant misclassification period.

40.

Plaintiff is (and was) a non-exempt employee under the FLSA throughout her entire employment period as a Tier 1 Product Support Specialist for Defendant.

41.

Despite being aware that the FLSA applied to Plaintiff, Defendant violated the FLSA by failing to pay Plaintiff all overtime compensation owed at the rate of one and a half times her regular rate as required by the FLSA for all hours worked

over 40 as a non-exempt employee under the FLSA throughout her work as a Tier 1 Product Support Specialist for Defendant during her relevant period.

42.

Defendant knew, or acted with reckless disregard, that its compensation practices alleged above violated the FLSA.

43.

Defendant's violations of the FLSA alleged in this Complaint were willful.

44.

Plaintiff is entitled to a judgment awarding recovery of her back overtime pay at the rate of one and a half times her applicable regular rate, in addition to an equivalent amount as liquidated damages, prejudgment interest if liquidated damages are not awarded in full, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

## Count 2: FLSA – Collective Action

45.

Plaintiff incorporates herein the allegations contained in the preceding paragraphs.

46.

Defendant internally classified Plaintiff and the Similarly Situated Employees as exempt from the FLSA's overtime laws during the relevant misclassification period.

47.

Plaintiff and the Similarly Situated Employees are and were non-exempt employees under the FLSA throughout their work as Tier 1 Product Support Specialists for Defendant during the entire relevant period.

48.

Despite being aware that the FLSA applied to Plaintiff and the Similarly Situated Employees, Defendant violated the FLSA by failing to pay Plaintiff and the Similarly Situated Employees all overtime compensation owed at the rate of one and a half times their regular rate as required by the FLSA for all hours worked over 40 as non-exempt employees under the FLSA throughout their work as Tier 1 Product Support Specialists for Defendant during the entire relevant period.

49.

Defendant knew, or acted with reckless disregard, that its compensation practices alleged above violated the FLSA.

50.

Defendant's violations of the FLSA alleged in this Complaint were willful.

51.

Plaintiff and the Similarly Situated Employees are entitled to a judgment finding violations of the FLSA and awarding them back overtime pay at one and a half times their respective regular rates, in addition to an equivalent amount as liquidated damages, prejudgment interest if liquidated damages are not awarded in full, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant in favor of Plaintiff and the Similarly Situated Employees finding a violation of the FLSA and awarding the following relief:

1.     Order Defendant to pay Plaintiff and the Similarly Situated Employees their unpaid back overtime pay at time-and-a-half their applicable regular rates for all hours worked over 40 in a workweek during the relevant misclassification period, and an equivalent amount as liquidated damages (or prejudgment interest if liquidated damages are not awarded in full);

2.     Order Defendant to pay Plaintiff and the Similarly Situated Employees their unpaid back overtime pay at time-and-a-half their applicable regular rates for

all on-call hours worked over 40 in a workweek during the entire relevant period, and an equivalent amount as liquidated damages (or prejudgment interest if liquidated damages are not awarded in full);

2. Order Defendant to pay Plaintiff and the Similarly Situated Employees their costs and attorney's fees; and

3. Grant such further other and further relief as the Court finds just and proper in this action.

PLAINTIFF DEMANDS A TRIAL BY A JURY OF TWELVE PERSONS. Respectfully submitted this 29th day of June, 2017.

<div align="center" style="margin-left:50%">

**KEEGAN LAW FIRM, LLC**

*/s/ Jerilyn E. Gardner*
Marcus G. Keegan
Georgia Bar. No. 410424
Jerilyn E. Gardner
Georgia Bar No. 139779
2987 Clairmont Road NE, Suite 225
Atlanta, Georgia 30329
(404) 842-0333 (Phone)
(404) 920-8540 (Fax)
mkeegan@keeganfirm.com;
jgardner@keeganfirm.com

*Attorneys for Plaintiff*

</div>