IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SUNNIE CHAPPELL, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INGENIOUS MED, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br>1:17-cv-02444-TWT |

### JOINT MOTION (A) FOR APPROVAL OF
### FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT AND (B)
### TO DISMISS THIS ACTION WITH PREJUDICE

Plaintiffs Sunnie Chappell and Brian Legg and Defendant Ingenious Med, Inc. ("Ingenious Med") (collectively, "the parties"), jointly move the Court to enter an Order (i) approving the parties' proposed Fair Labor Standards Act Settlement Agreement (the "Proposed Agreement"), a copy of which is attached to this Joint Motion as Exhibit 1, and (ii) dismissing this action in its entirety, with prejudice. As grounds for this Motion, the parties jointly state as follows:

1.  Each plaintiff, current employees of Ingenious Med, has asserted claims in this action under the Fair Labor Standards Act (the "FLSA"). In their Complaint, Plaintiffs allege claims, and seek back pay, liquidated damages, and attorneys' fees, for time that they allegedly worked for

Ingenious Med, including overtime, for which they allege they were not fully compensated. Ingenious Med disputes all of Plaintiffs' allegations, including Plaintiffs' allegations that they performed any uncompensated work.

2. The parties have vigorously litigated all of plaintiffs' claims, including engaging in initial discovery concerning these claims. The initial discovery process provided the parties the opportunity to fully and fairly explore the merits of their respective claims and defenses.

3. After partially completing discovery, and without acknowledging the merits of any other party's claims or defenses, on June 11, 2018, all parties reached agreement to settle all claims of all plaintiffs – including Plaintiffs' FLSA claims – to fully resolve this case. The parties, represented by counsel of their choosing, engaged in lengthy arm's length negotiations with the assistance of a neutral mediator.

4. Under the FLSA, an employee may not waive or settle claims for unpaid wages unless the settlement is approved by the court in which the action is pending. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982). There is no requirement that "any valid settlement of a FLSA claim must take a particular form." Rakip v. Paradise Awnings Corp., 514 F. App'x 917, 919–20 (11th Cir. 2013). Rather, the requirement is only that "the district court

must take an active role in approving the settlement agreement to ensure that it is not the result of the employer using its superior bargaining position to take advantage of the employee." Id.; accord Walker v. Vital Recovery Servs., Inc., 300 F.R.D. 599, 601 (N.D. Ga. 2014) (citing Rakip and noting that the Eleventh Circuit has clarified that "*Lynn's Food* does not stand for the proposition that any valid settlement of a FLSA claim must take a particular form."). Accordingly, to complete the settlement and fully resolve this case, the parties now seek the Court's approval of the Proposed Agreement.

5. In this action, Plaintiffs asserted they were owed overtime wages for which they were not compensated. The parties dispute whether Plaintiffs worked any overtime hours for which they should have been compensated, and if they did work overtime hours for which they should have been compensated, the parties dispute how many overtime hours Plaintiffs worked for which they were not compensated. The probability of success on the merits, and the complexity, expense, and length of future litigation militated in favor of settlement as a reasonable means for all parties to minimize future risks and litigation costs. In agreeing to the Proposed Agreement, the parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis of the claims.

6. In addition to the grounds stated above, as further grounds for this request, the parties state that all parties have had the opportunity to review, and contribute to, the Proposed Agreement and that the Proposed Agreement is the result of lengthy and thorough negotiations involving counsel and the parties, who engaged in good faith settlement discussions at, and after, the mediation, based upon their independent calculations. Specifically, based upon their respective estimates of Plaintiffs' underlying claims and their claims for attorneys' fees and costs, the Parties negotiated a settlement representing a compromise of Plaintiffs' claims for unpaid overtime – including attorneys' fees and costs arising from, *inter alia*, the investigation of the matter, the commencement of the lawsuit, and the mediation and settlement of this matter.

7. The parties have resolved the Plaintiffs' recovery separate from attorney's fees and costs (albeit not *in seriatim*) so that the Plaintiffs' recovery was not compromised by attorney's fees/costs. Bonetti v. Embarq Mgmt.Co., Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009); see also Grimes v. Se. Restaurants Corp., 2013 WL 4647374, at *3 (M.D. Ga. Aug. 29, 2013); Martin v. Huddle House, Inc., 2011 WL 611625, at *2 (N.D. Ga. Feb. 11, 2011) (both citing Bonetti). The parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. The parties were advised and represented by counsel throughout the litigation and settlement process.

00816486.11

8. The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fee awards are therefore mandatory for prevailing plaintiffs in FLSA cases. Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985). In light of the foregoing, the parties negotiated an amount to compensate plaintiffs for their attorneys' fees and costs in the event they were to ultimately prevail on the merits.

9. As to the amount negotiated by the parties with respect to Plaintiffs' claims for attorneys' fees and costs, the instant matter was a two-plaintiff overtime case rather than a certified collective action under the FLSA, and the Proposed Agreement specifically provides for a payment amount to plaintiffs for their damages, and to Plaintiffs' counsel for attorney's fees and costs incurred in this action. Therefore, as a district court within this Circuit recognized in Dail v. George A. Arab Inc., 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005), the Court is not required to determine the amount of the fee award, or to assess the reasonableness of the amount agreed upon by the parties.

10. Moreover, because defendant has agreed to and does not oppose the amount or reasonableness of the attorney's fees to be paid to Plaintiffs' counsel, the Court need not conduct an evidentiary inquiry into the reasonableness of the hourly rate charged by plaintiffs' counsel or the amount of the total fees incurred.

00816486.11

See Dail, 391 F. Supp. 2d at 1147 (holding that because defendant joined in the motion for approval of the settlement amounts, "[t]he Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the Parties' stipulation as to the reasonableness of the attorneys' fees and costs.").

11. If, however, the Court requires a fee petition or other submission for the purposes of conducting a lodestar cross-check on the attorney's fees and costs to be paid to plaintiffs' counsel in this Proposed Agreement, Plaintiffs respectfully request the opportunity to supplement this joint motion with the required submittal.

WHEREFORE, all parties jointly request that the Court (i) approve the Proposed Agreement, a copy of which is attached to this Motion as <u>Exhibit 1</u>, and (ii) dismiss this action in its entirety, with prejudice. A Proposed Order is attached to this Joint Motion as <u>Exhibit 2.</u>

00816486.11

/s/ *Jerilyn E. Gardner*
Marcus G. Keegan
Georgia Bar. No. 410424
Jerilyn E. Gardner
Georgia Bar No. 139779
2987 Clairmont Road NE, Suite 225
Atlanta, Georgia 30329
Telephone: (404) 842-0333
Fax: (404) 920-8540
mkeegan@keeganfirm.com
jgardner@keeganfirm.com

*Attorneys for Plaintiffs*

/s/ *Matthew C. Moschella*
Matthew C. Moschella
(admitted *pro hac vice*)
David A. Michel
(admitted *pro hac vice*)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110
Telephone: (617) 646-2000
mcmoschella@sherin.com
damichel@sherin.com

Kevin A. Maxim
Georgia Bar No. 478580
The Maxim Law Firm, P.C.
1718 Peachtree Street, NW
Suite 599
Atlanta, GA 30309
Telephone: (404) 924-4272
kmaxim@maximlawfirm.com

*Attorneys for Defendant*

Dated: September 12, 2018

00816486.11